# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3496 | **DATE** | 9/3/2003 |
| **CASE TITLE** | Westell Technologies, Inc. vs. HyperEdge Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Plaintiff's motion to amend it pleadings [91-1] is granted. Third-party defendant Lawrence Krutsinger's motion to dismiss HyperEdge Corporation's third party complaint [39-1] is granted. Plaintiff's motion to strike certain of HyperEdge's affirmative defenses [40-1] and dismiss certain of HyperEdge's counterclaims [40-2] is denied as moot in light of the filing of a second amended complaint. Similarly, defendant HyperEdge's motion to join Larry Krutsinger as a defendant to HyperEdge's counterclaims [46-1] and for leave to amend HyperEdge's counterclaim [46-2] is also denied as moot in light of the filing of a second amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 8 2003 date docketed | |
| ✓ | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | | 115 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | 03 SEP -5 PM 3:55 | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING L-03 | date mailed notice | |
| PT/ea | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
SEP 0 8 2003

WESTELL TECHNOLOGIES, INC., )
)
Plaintiff, ) Case No. 02 C 3496
v. )
)
HYPEREDGE CORPORATION, ) Judge Joan B. Gottschall
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Westell Technologies, Inc. ("Westell") brought this patent infringement action against HyperEdge Corporation ("Hyperedge") for the alleged infringement of U.S. Patent No. 5,444,776 (" '776 Patent") directed to a "Bridge for a Network Interface Unit." The first amended complaint contained two counts directed towards HyperEdge's alleged direct patent infringement under 35 U.S.C. § 271(a) and its inducement of infringement by others under 35 U.S.C. § 271(b). After receiving new information in a Rule 30(b)(6) deposition and as a result of its own independent investigation of HyperEdge's business relationships, Westell now seeks leave to amend its complaint to add two additional parties, Troncom II and Dwight Swartwood, as defendants and to include an additional count of contributory infringement under 35 U.S.C. § 271(c).

Since Westell has already amended its pleading "once as a matter of course," Rule 15(a) permits a second amended complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave shall be freely granted by this court "when justice so requires." *Id.* "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Gregg Comm. Sys.,*

*Inc. v. Am. Tel. & Tel. Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983). However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). In addition to satisfying Rule 15(a), an amendment seeking to add more parties must comport with Rule 20, which governs the permissive joinder of parties. *Chavez v. Illinois State Police*, 251 F.3d 612, 632 n. 4 (7th Cir. 2001). Such an amendment must fulfill two prerequisites: (1) the persons joined must be interested in claims that arise out of the same transaction or occurrence or series of transactions or occurrences, and (2) they must share in common at least one question of law or fact. Fed. R. Civ. P. 20(a).

Westell seeks to join Troncom II and Swartwood as defendants in the proposed second amended complaint. Westell, in support of its motion, contends that HyperEdge represented itself as "formerly Troncom," a predecessor company ("Troncom I") that sold the same allegedly infringing devices that HyperEdge now sells. As a result of a series of transactions, Troncom Acquisition Corporation ("Troncom II") purchased all the assets of Troncom I just before Troncom I dissolved. Westell alleges that Troncom II owns the machines on which HyperEdge products are made and the circuit diagrams from which they are manufactured. In addition, Westell alleges that Troncom I, Troncom II and Westell have numerous connections to each other, including several common shareholders and officers, most notably Swartwood, who served as president of all three corporations. Westell asserts that Troncom II is directly liable for HyperEdge's acts of patent infringement under either the "alter ego" or "agency" theory of liability because Troncom II owns the assets used by HyperEdge to make its infringing products. Westell also asserts that Troncom II and HyperEdge are liable for Troncom I's acts of infringement based on successor-in-interest

2

liability under the doctrines of de facto merger and continuation.

Westell seeks to add Troncom II at this stage because it only recently learned of the connections between HyperEdge and Troncom II through discovery. While HyperEdge asserts that the motion to add Troncom II is untimely, the court concludes that Westell has promptly brought this motion after receiving information through discovery suggesting a close relationship between HyperEdge and Troncom II. Newly-discovered information may provide sufficient reason to join a new party as a defendant. *Cf. Weiss v. Winner's Circle of Chi., Inc.*, No. 91 C 2780, 1995 WL 755328, at *4 (N.D. Ill. Dec. 14, 1995). Notably, discovery in this case is on-going and therefore any prejudice to the defendants would be minimized by the fact that discovery would not need to be reopened or duplicated. The court rejects HyperEdge's contention that adding Troncom II as a defendant would be frivolous. Westell has provided sufficient justification for its alter ego, agency and successor liability theories and HyperEdge has failed to convince the court that adding Troncom II would be frivolous. In addition, both criteria of Rule 20(a) are met here. Because the claims against Troncom II are all based on the alleged infringement of the '776 patent, and will focus on the structure and operation of accused products, the defendants share questions of law or fact in common. Similarly, the claims against Troncom II arise out of the same transactions or occurrences as those against HyperEdge. Troncom II will be added as a defendant.

Westell also seeks to join Dwight Swartwood, president of both HyperEdge and Troncom II, as a defendant personally liable for the inducement of infringement of the '776 patent by others. The proposed complaint alleges that Swartwood, by virtue of his actions in directing the affairs of Troncom I, Troncom II, and HyperEdge, actively induced acts of infringement by those companies and had knowledge that those acts would infringe the '776 patent. In opposition, HyperEdge argues

3

that the proposed allegation against Swartwood is untimely and will be highly prejudicial at this stage. Westell replies that it was not able to obtain documents that suggested Swartwood induced HyperEdge to infringe the '776 patent until recently. HyperEdge asserts that it will be prejudiced by the proposed amendment because it would result in increased litigation costs associated with the additional discovery and briefing required for the new claims. This type of prejudice, however, is not out of the ordinary whenever a new party is added to a litigation. *Weiss*, 1995 WL 755328, at *4. HyperEdge has not demonstrated any extraordinary prejudice resulting from the joinder of Swartwood. *See Packers Trading Co. v. Pederson*, No. 84 C 10452, 1985 WL 3491, at *6 (N.D. Ill. Oct. 29, 1985) (amendment permitted where there was no indication of some specific prejudice other than the need to brief new issues); *see also Pudela v. Swanson*, No. 91 C 3559, 1994 WL 163916, *1 (N.D. Ill. Apr. 29, 1994) (delay alone is an insufficient basis for finding prejudice). As with Troncom II, the court does not conclude that the addition of Swartwood would be patently frivolous. Westell has presented the court with sufficient justification to include Swartwood as a defendant. In this case, plaintiff seeks relief from HyperEdge, Troncom II and Swartwood based on the same allegations surrounding the alleged patent infringement and the same accused products. Therefore, the requirements of Rule 20 are met as to Swartwood because numerous common questions of law and fact exist, and the claim against him arises from the same transactions as those against HyperEdge and Troncom II. The court will allow Swartwood to be added as a defendant.

In addition to adding two defendants, Westell also seeks leave to add an additional count.[1]

---

[1] HyperEdge accuses Westell of engaging in deceptive litigation tactics because neither the motion for leave to amend nor the supporting memorandum mention that Westell intended to include an additional count alleging contributory infringement. "All motions, including a proper request for leave to amend a complaint, must set forth with particularity the relief or order requested and the ground for supporting the application." *Moore v. Indiana*, 999 F.2d 1125,

4

While the first amended complaint alleged only HyperEdge's *direct* patent infringement and inducement of infringement by others, Westell now seeks additionally to charge HyperEdge and Troncom II with contributory infringement of the '776 Patent. Westell states that on March 21, 2003, in an answer to an interrogatory, HyperEdge first argued that certain elements of claim 1 of the '776 Patent were missing from the accused infringing products. Specifically, HyperEdge answered that the products it sold did not meet the claim elements requiring the network interface unit to be "interconnected between a network span and a premise segment" and the customer nodes in the network interface unit to be "interconnected to said premise segment" (Pl.'s Reply at 3.) HyperEdge, however, also noted that "[a]n end user may interconnect HyperEdge's network interface unit in such a manner." (*Id.*). Westell argues that it understood that a contributory infringement count was appropriate only after it received HyperEdge's interrogatory responses. Again, the court notes that prejudice to the defendants is minimal because discovery is currently on-going and motions for summary judgment will not be filed until later this year. In light of the fact that the viability of such a claim came to light only through discovery recently received by Westell, the court will allow the count to be added. *Cf. Doe v. Sheriff of DuPage County*, No. 95 C 200, 1996 WL 189292, at *3 (N.D. Ill. Apr. 17, 1996).

**Motion to Dismiss Third-Party Complaint**

HyperEdge, the defendant in plaintiff Westell's patent infringement claims, filed a third-party

---

1131 (7th Cir. 1993). Undoubtedly, Westell should have discussed the additional count in its motion and accompanying memorandum. In the end, however, HyperEdge was not prejudiced by Westell's failure and clearly had notice of the fact that Westell sought to add an additional count. In order to avoid an additional motion to amend, the court will address Westell's request to add the contributory infringement count.

complaint against Lawrence Krutsinger ("Krutsinger"). Krutsinger is a former HyperEdge employee who currently works for Westell as Westell's National Account Manager. The third-party complaint alleges the following seven counts against Krutsinger: (1) breach of confidentiality; (2) breach of fiduciary duty; (3) misappropriation of trade secrets; (4) business and product defamation; (5) tortious interference with business advantage; (6) deceptive trade practices; and (7) federal unfair competition. Krutsinger has filed an unopposed motion to dismiss all counts against him.

The purpose of the Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to test the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences from those factual allegations in the defendant's favor. *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1008 (7th Cir. 2002). Thus, the complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the [third-party] plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Krutsinger correctly argues that the counts against him are not in accordance with the third-party practice set forth in the Federal Rules of Civil Procedure. Rule 14 provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14. The first three counts of HyperEdge's third-party complaint allege that Krutsinger has violated statutory and common law duties alleging the misappropriation of HyperEdge's confidential, proprietary, and trade secret information. The next four counts arise out of the false and disparaging statements allegedly made by Krutsinger to existing and potential

HyperEdge customers. None of these counts allege a theory of derivative or secondary liability. Hyperedge fails to show how the claims it has brought against Krutsinger necessarily rely on the adjudication of HyperEdge's liability to Westell. *Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1000 (N.D. Ill. 2003) (third-party defendant's liability necessarily relies on an adjudication of third-party plaintiff's liability to plaintiff). The mere fact that a third party claim arose out of the same transaction or occurrence as the original claim is an insufficient basis to implead another party. *U.S. General, Inc. v. Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). Krutsinger's motion to dismiss is granted for failure to allege a proper theory of third-party liability under Rule 14.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 4, 2003